[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, the plaintiff claims it advanced the sum of $9,929.85 which the defendant has not repaid.
The defendant denies the allegations of the complaint and, by Special Defenses, raises the issue of the statute of limitations. He also has a counterclaim for money allegedly CT Page 4579 owed him by the plaintiff.
In 1982, the plaintiff was in the business of marketing life insurance for ITT Life Insurance Corporation (hereinafter ITT). The plaintiff recruited the defendant as one of some 200 agents to sell ITT insurance.
The plaintiff provided training, sales tips and acted as a liaison between ITT and the defendant. The defendant was paid commissions directly from ITT, with the plaintiff getting an override on the commissions generated by the defendant.
Between the months of July through December of 1983, the plaintiff advanced $7,223.95 to the defendant against future anticipated commissions. The defendant paid back only a portion of those advances, to wit, $1,294.10 leaving a balance of $5,929.85 for loans made in 1983.
The Court finds that these loans are time-barred by Connecticut General Statutes Section 52-576 which sets out a six (6) year statute of limitations on a simple contract.
The plaintiff argues that the cause of action did not accrue until the parties ended their business relationship in 1987, however, the Court finds that the cause of action accrued in 1983 when the loans were made. They were due at the pleasure of the plaintiff from the time they were made.
Since this action was commenced by return date of May 29, 1990, those loans made in 1983 are barred. (Each loan is considered to be a separate transaction).
No advances were made again until 1985 when the plaintiff made the following advances to the defendant: October 1, 1985 — $1,500.00; October 10, 1985 — $1,000.00 and November 7, 1985 — $1,500.00. These 1985 loans totalling $4,000.00 have not been paid and are not barred by Section52-576.
The Court finds the issues for the plaintiff on the Counterclaim. Essentially, the defendant alleges that the plaintiff owes him commissions, a proposition that the Court rejects. The defendant was not an employee of the plaintiff's, but an agent recruited by the plaintiff for ITT. The defendant was paid by ITT, not by the plaintiff. If any money was owed him for commissions it would be due from ITT. Judgment for the plaintiff on the Counterclaim.
For the foregoing reasons, judgment may enter for the CT Page 4580 plaintiff in the amount of $4,000.00 plus costs.
BY THE COURT, HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE